**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANDREW EVAN HOWLAND | : | |
| | : | |
| Appellant | : | No. 61 MDA 2022 |

Appeal from the Judgment of Sentence Entered November 18, 2021
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0005410-2020

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANDREW EVAN HOWLAND | : | |
| | : | |
| Appellant | : | No. 62 MDA 2022 |

Appeal from the Judgment of Sentence Entered November 18, 2021
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0005421-2020

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANDREW EVAN HOWLAND | : | |
| | : | |
| Appellant | : | No. 63 MDA 2022 |

Appeal from the Judgment of Sentence Entered November 18, 2021
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0002475-2021

J-S23019-22

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED NOVEMBER 09, 2022**

Andrew Evan Howland appeals from the judgment of sentence entered following his jury trial conviction for multiple crimes related to his kidnapping and sexual abuse of a 13-year-old child and to child pornography. He challenges the discretionary aspects of his sentence. We affirm.

Howland faced charges on three separate dockets relating to allegations he removed a 13-year-old child from his[1] home in the state of Indiana to a hotel room in Lancaster, PA, where he committed sex crimes against the child. Howland was charged with interference with custody of children and corruption of minors.[2] After further investigation, Howland was charged at a second docket with kidnapping of minor to facilitate felony, unlawful contact with minor, involuntary deviate sexual intercourse ("IDSI") with a person less than 16 years of age, statutory sexual assault, aggravated indecent assault of a person less than 16 years of age, and indecent assault of a person less than 16 years of age.[3]

_____

* Retired Senior Judge assigned to the Superior Court.

[1] The child victim is transgender and identifies as male. We will use male pronouns when referring to the child.

[2] 18 Pa.C.S.A. §§ 2904(a) and 6301(a)(1)(i), respectively.

[3] 18 Pa.C.S.A. §§ 2901(a)(2), 6318(a)(1), 3123(a)(7), 3122.1(b), 3125(a)(8), and 3126(a)(8), respectively.

Additional investigation led the discovery of child pornography on Howland's Snapchat account. He was charged with four counts of possession of child pornography and one count of criminal use of communication facility.[4]

The trial court set forth the facts as follows:

> [I]n the fall of 2020 [Howland] began communicating electronically with the victim about sexual matters. [Howland] was 38 years old and the victim was only 13 years old. In one Snap Chat video [Howland] is seen telling the victim that he loves [him]. The victim then sent a naked photo . . . to [Howland]. Messages between [Howland] and child revealed that [Howland] planned to pick up the child from the child's home.
>
> On December 2, 2020, [Howland] traveled from Lancaster County to the state of Indiana, picked up the child without the knowledge or permission of the child's parents, and brought that child back to Lancaster. Police were able to identify [Howland] as the perpetrator based on his Snap Chat and Facebook accounts, and they were able to locate him at a hotel in Lancaster through a ping on his phone. When police arrived at the hotel, they found the victim inside a room with [Howland]. [Howland] claimed the victim was his [child]. The victim was not wearing pants. Unused condoms were found in the hotel room and [Howland]'s car, while used condoms were found in a garbage bag in [Howland]'s car. Child pornography was found on [Howland]'s phone.
>
> The victim testified that they had sexual relations. In his testimony, [Howland] admitted he knew the victim was only 13 years old and there would be potential legal ramifications for what he did, he admitted communicating with the child by Snap Chat and Facebook, admitted receiving images of the child, admitted talking to [him] about sex and wanting to feel himself inside [the child], admitted driving to Indiana to pick up the child, admitted he did not have permission

---

[4] 18 Pa.C.S.A. §§ 6312(d) and 7512(a), respectively.

from the parents, and admitted bringing the child back to Lancaster.

[Howland] denied having sex with the child, claiming instead that he masturbated into a condom while at the hotel with the child. The jury found that [Howland] was not credible in this regard.

Trial Court Opinion, Feb. 9, 2022, at 6-7 ("1925(a) Op."). Howland further testified that the child wanted Howland to take him from his home and that Howland "didn't think [the child's home] was a good environment . . . for [the child]." *Id.* at 430.[5] A jury convicted Howland of all charges.

The trial court held a sentencing hearing in November 2021. The court had reviewed the presentence investigation report. Howland's counsel stated that Howland suffered from several mental health problems, including depression, suicidal ideations, and self-harm, and that he had been abused by older men. Howland spoke at sentencing, stating:

So if the [child's] family's testimony in trial was accurate, then I do truly feel sorry for the emotional stress they went through.

However, after reading the [Child and Youth Services] report from last January and seeing [the child] testify in court, I am glad to see that [the child] has stopped hurting himself, has stopped trying to commit suicide, he's been accepted by his family as he truly is, and even his father specifically has included [the child] more in activities.

_____

[5] Howland stated "I just felt like the way [the child] was deteriorating and the reason why he kept saying his mental health was deteriorating was always because of his family. It was never because of anything that I ever said to [the child]. It was always because of the way his family treated him, the things his family would say to him, the way his family would not identify his gender and sexuality." N.T., Aug 18, 2021, at 464.

> And I am appalled by the horror that Assistant District Attorney Amy Muller put [the child] through with the investigation at trial.

N.T., 11/21/21, at 11.

The court stated Howland was the type of person who should not return to society:

> Well, Mr. Howland, I can tell you right now that you are delusional and that I made that determination at the time you testified and the record will very accurately reflect that to any appellate courts. I think any appellate courts that would look at your testimony and the facts and circumstances of this case would be absolutely appalled.
>
> And you are the type of person that really, I think most people would agree, should not ever set foot in our society again.

*Id.* at 14-15. Before imposing sentence, the court gave the following reasons for the sentence:

> Mr. Howland, first of all, I have considered all the information contained within the presentence investigation report. I've read it in full.
>
> I have considered your family history, your mental health history. And while you have not been formally diagnosed, you believe you suffer from bipolar disorder and you are currently prescribed Prospero for depression.
>
> I've considered the additional information provided by [Howland's counsel] today.
>
> I have considered your history of substance abuse. You state that you did not use illegal substances. You started drinking regularly at the age of 21 as an escape mechanism, but you never felt you were at the point that you could not stop.
>
> I have considered the arguments of counsel as well as your testimony at trial and your statement today.

I have considered the penalties authorized by the Pennsylvania legislature for the crimes committed, the guidelines of the Sentencing Code, the guidelines established by the Pennsylvania Commission on Sentencing, and the applicable mandatory minimum sentences.

I have considered your age. You were born July 27, 1982. You were 38 years of age when these offenses occurred, an age of sufficient maturity to understand the significance of your acts.

I have considered your character and history as disclosed at trial and in the presentence investigation report as well as in your statement to the Court today.

I have considered your level of education. You graduated from Harbor Creek High School in Erie in 2000. There is nothing to indicate a lack of intellectual ability that would prevent you from understanding the difference between right and wrong.

I have considered your work history. You worked at Walmart in York in 2002 to 2016, and then Target in Lancaster from 2016 to 2020, when you were fired.

I have considered your lack of any prior criminal record.

I have considered your rehabilitative needs.

I have also considered the nature and circumstances of the offenses for which you have been convicted and, as noted by the Commonwealth, this was a unanimous verdict on all counts.

. . . .

I have considered the gravity of the offenses as they relate to impact on the victim and the victim's family as well as the community.

You preyed on a 13-year-old child who was experiencing emotional issues. You groomed that child. You brought that child back to Lancaster to sexually abuse and then you did, in fact, sexually abuse that child. And in your testimony you actually believed that you were doing the child a favor.

> I've been doing this for over 30 years. I've never come across somebody like you. You present -- and, unfortunately, the whole record of the transcript won't necessarily reflect how evil you are. You showed absolutely no remorse at the time of the trial and you showed absolutely no remorse here today. You are every parent's worst nightmare. The gravity of your criminal conduct and your lack of remorse is immeasurable.
>
> For all of these reasons, the Court believes a sentence of total confinement is necessary because you are in need of correctional treatment that can be provided most effectively by your commitment to an institution.
>
> You are an extreme danger to the community and society must be protected. Incarceration is warranted because a lesser sentence will depreciate the seriousness of your conduct. And there is an undue risk that during a period of probation or partial confinement you will commit another crime, particularly as it relates to sexual offenses involving children.

N.T., Nov. 18, 2021, 19-24.

The court sentenced Howland at the first docket to one to five years' incarceration for interference with custody of children and three months to two years' incarceration for corruption of minors, consecutive to each other. At the second docket, the court imposed sentences of three to 20 years' incarceration for kidnapping, five to 20 years' incarceration for unlawful contact with minors, 10 to 20 years' incarceration for IDSI, two to 20 years' for statutory sexual assault, and five to 10 years' incarceration for aggravated indecent assault. The sentences were consecutive to each other and to the sentences imposed at the first docket. The court found the indecent assault conviction merged for sentencing purposes.

At the third docket, the court sentenced Howland to three to six years' incarceration for two of the possession of child pornography convictions, and one to three years' incarceration for the two remaining counts of possession of child pornography. The sentences were concurrent to each other. The court also imposed a sentence of nine months to two years' incarceration for criminal use of communication facility, consecutive to the possession sentences. The sentences at the third docket were consecutive to the sentences imposed at the other two dockets. All sentences were within the Sentencing Guidelines' standard range. The aggregate sentence was 30 to 105 years in prison.

Howland filed a post-sentence motion, arguing the aggregate sentence, which included consecutive sentences, was unreasonable and manifestly excessive and not necessary to address the nature and circumstances of the crime considering the history and character of the defendant and was not consistent with the protection of the public, gravity of the offense, or rehabilitative needs of the defendant. The trial court denied the motion. Howland filed a timely notice of appeal.

Howland raises the following issue:

> Was the imposition of eight consecutive sentences on Information Numbers 5410 and 5420 of 2020 and 2475 of 2021, for an aggregate sentence of 30 to 105 years' incarceration, manifestly excessive under the circumstances and an abuse of the court's discretion, and were both the minimum and maximum sentences manifestly excessive?

Howland's Br. at 8.

- 8 -

Howland's issue goes to the discretionary aspects of his sentence, for which there is no automatic right to appellate review. ***Commonwealth v. Banks***, 198 A.3d 391, 401 (Pa.Super. 2018). A defendant may obtain appellate review of discretionary aspects of sentence only if: (1) the appeal is timely; (2) the defendant preserved the issues below; (3) the defendant included in the brief to this Court a Pa.R.A.P. 2119(f) concise statement of reasons relied upon for allowance of appeal; and (4) the Rule 2119(f) statement raises a substantial question that the sentence is not appropriate under the Sentencing Code or is contrary to fundamental sentencing norms. ***Id.***; Pa.R.A.P. 2119(f).

"A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Caldwell***, 117 A.3d 763, 768 (Pa.Super. 2015) (*en banc*) (citation omitted). We make this determination based on the contents of the Rule 2119(f) statement. ***Commonwealth v. Mouzon***, 812 A.2d 617, 621-22 (Pa. 2002). Only if the appellant has raised a substantial question may we turn to the merits of the sentencing claims. ***See id.***

Howland filed a timely appeal, preserved the issue in a post-sentence motion, and included in his brief to this court a Rule 2119(f) statement. In his Rule 2119(f) statement, Howland claims his sentence of 30 to 105 years' incarceration was clearly unreasonable and so manifestly excessive that it was

an abuse of discretion. He claims the application of the guidelines was clearly unreasonable. He challenges the imposition of eight consecutive sentences, claiming it was excessive and nearly a life sentence. He further claims the court imposed an excessive sentence without considering Howland's rehabilitative needs and mitigating circumstances. Howland's issue raises a substantial question. *See Commonwealth v. Dodge*, 77 A.3d 1263, 1270 (Pa.Super. 2013) (claim raises substantial question where it argues imposition of consecutive sentences resulted in excessive sentence and articulates why consecutive sentences were unreasonable); *Commonwealth v. Coulverson*, 34 A.3d 135, 143 (Pa.Super. 2011) (finding substantial question raised where appellant claimed court imposed manifestly excessive aggregate sentence without considering appellant's rehabilitative needs).

We will now address the merits of Howland's sentencing claim. Howland alleges the "court focused almost exclusively on the severity of [] Howland's offense and his lack of remorse." Howland's Br. at 19. He argues his aggregate sentence of 30 to 105 years' incarceration was manifestly excessive and the consecutive sentences results in a clearly unreasonable sentence. He claims the seriousness of the offense "must be considered in perspective," claiming he "removed a willing thirteen-year-old child with whom he had been communicating via social media, believing that he was removing the child from a situation in which the child was suicidal and desperate." *Id.* at 24. He states that "[a]lthough the child was not old enough to consent to sexual contact, the sexual contact was not forced." *Id.* at 25. He claims the facts, "along with

[his] solid work history for the past nineteen years . . . were mitigating factors which should have been considered." ***Id.*** Howland points out he will be 68 years old when he completes the minimum sentence and the maximum sentence of 105 years exceeds his lifetime, which, he claims, is "clearly excessive." ***Id.*** at 26.

"Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." ***Commonwealth v. Shull***, 148 A.3d 820, 831 (Pa.Super. 2016) (citation omitted). "[A]n abuse of discretion is not shown merely by an error in judgment." ***Id.*** (citation omitted). "Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." ***Id.*** (citation omitted).

Where a pre-sentence investigation report exists, we "presume[] that the sentencing court 'was aware of the relevant information regarding defendant's character and weighed those considerations along with mitigating statutory factors.'" ***Commonwealth v. Tirado***, 870 A.2d 362, 366 n.6 (Pa.Super. 2005) (citation omitted). "[I]mposition of consecutive rather than concurrent sentences lies within the sound discretion of the sentencing court." ***See Commonwealth v. Zirkle***, 107 A.3d 127, 133 (Pa.Super. 2014) (quoting ***Commonwealth v. Johnson***, 961 A.2d 877, 880 (Pa.Super. 2008)).

The trial court did not abuse its discretion. The trial court had the benefit of the PSI, and is presumed to have considered the information it contained,

- 11 -

including any mitigating factors and rehabilitative needs. Further, in imposing sentence, the court stated it had considered, among other things, the information in the PSI, Howland's family and mental health history, the authorized penalties and the sentencing guidelines, Howland's age, and his character, history, education, and work history, his lack of a prior record, and his rehabilitative needs. The court also said it had taken into account the nature and circumstances of the offense, including that Howland "preyed on a 13-year-old child who was experiencing emotional issues," groomed the child, brought the child to Lancaster, and sexually abused him. N.T., Nov. 18, 2021, at 23. The court pointedly stated that Howland's testimony at trial showed Howland believed he was "doing the child a favor." *Id.* The court found Howland to be an extreme danger to the community. It noted that Howland showed no remorse, was "every parent's worst nightmare," and "[t]he gravity of [his] criminal conduct and [his] lack of remorse is immeasurable." *Id.* at 24.

We conclude the court considered all relevant factors and the sentence imposed was not an abuse of discretion. Contrary to Howland's contention, the court considered the facts of the case and Howland's work history in imposing sentence. It simply did not view the facts in the same light as Howland. That the child was allegedly suffering emotionally does not in any way mitigate Howland's conduct. As the trial court found, Howland preyed on and abused the child.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/9/2022